IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BRANDON DEMPSEY )<br>)<br>PLAINTIFF )<br>)<br>VS. )<br>)<br>SEDGEWICK CLAIMS MANAGEMENT )<br>SERVICES, INC.; HONDA LEAVE AND )<br>DISABILITY GROUP; HONDA MANU- )<br>FACTURING OF ALABAMA, LLC )<br>)<br>DEFENDANT ) | CASE NO: 4:16-CV-01003-SGC |

## AMENDMENT TO COMPLAINT

Comes now plaintiff in the above styled cause and amends his complaint pursuant to the provisions of FRCP 15(a)(1)(B).

Plaintiff realleges the material and factual averments of plaintiff's original complaint as if set out herein verbatim and plaintiff files this amended pleading in response to the motion to dismiss pursuant to the Fed. R. Civ. P., 12(b)(6), as filed by defendant Honda Manufacturing of Alabama, LLC., on July 21, 2016.

18.     Plaintiff restates the entirety of his original complaint (for convenience and/or otherwise for compliance) as follows:

1.   Plaintiff, **Brandon Dempsey**, is a former employee of Honda Manufacturing of Alabama, LLC., and through his employment with that entity was the benefit to receive short-term disability benefits (hereinafter referred to as STD) through a group policy insured by Sedgwick Claims Management Services, Inc., (herein "Sedgwick").

2.   Plaintiff is the beneficiary of said benefits as that term is defined pursuant to provisions of 29 U.S.C. §1132.

3.   Plaintiff brings this claim for benefits pursuant to provisions of the Employee Retirement Income Security Act 29 U.S.C. §1001, et seq., (hereinafter referred as ERISA).

4.    Jurisdiction and venue are proper in this Court.

**PARTIES**

5.    Plaintiff, Brandon Dempsey, is a resident citizen of Etowah County, Alabama and has been for all times material herein.

6.    The defendant, Sedgewick Claims Management Services, Inc. (hereinafter Sedgwick) is the administrator of the Honda Leave and Disability Group short-term disability policy and plan. As such, Sedgewick is subject to the jurisdiction of this Court and has obligations and responsibilities pursuant to provisions of the Employee Retirement Income Security Act U.S.C. §1001, et seq.

7.    The defendant, Honda Manufacturing of Alabama, LLC., was for all times material herein the employer of the plaintiff and the provider of short-term disability insurance benefits to the plaintiff as a result of plaintiff's employment relationship with the defendant. As such, the defendant Honda Manufacturing of Alabama, LLC., is subject to the terms and provisions of Employee Retirement Income Security Act (hereinafter referred to as ERISA) and pursuant to the provisions of ERISA, is obligated to provide short-term disability benefits to those persons who qualify under the provisions of the short-term disability plan for said benefits.

8.    Plaintiff made application for short-term disability insurance benefits in a timely and appropriate manner following plaintiff experiencing a disabling condition, primarily with the thorocolumbar aspect of plaintiff's back.

9.    The defendant processed said application for benefits ultimately determining that the plaintiff did not satisfy the definitional standard of disability.

10.   According to the plan document in place, the following is provided with respect to the qualification for disability:

> **Disability Definition:** To qualify you must be under the regular care of a qualified physician and submit proof satisfactory to the claim administrator that due to a non-work related injury or illness, you are unable to work at any available job at Honda for which you are qualified. (A job other than your own occupation is considered available when the accommodation is offered to the employee. We will pay the claim while arranging for accommodations as long as medical supports the need for the accommodation.).
>
> **"To qualify for STD benefits, you must:**
>
> • Be under the regular care of a qualified physician; and
>
> • Submit proof satisfactory to Sedgwick that due to a non-work related injury or ills, you are unable to work at any available job at Honda for which you are qualified."
>
> and
>
> **"STD coverage and benefits end on the earliest date:** . . .
>
> You fail to provide medical information to support your disability."

11. Prior to the filing of this complaint, plaintiff submitted extensive evidence of both medical and vocational proof that plaintiff is incapable of performing his job at Honda. At no time did Honda offer to the plaintiff an accommodation for his limitations and restrictions. Ultimately, plaintiff lost his position with Honda due to his inability to perform work at Honda.

12. The failure of the defendants to approve plaintiff's application for short-term disability benefits constitutes a breach of the plan documentation, a violation of ERISA, and is otherwise actionable.

13. Plaintiff alleges that the defendants are conflicted decision-makers and thus, their "decisions" given in this matter are entitled to little, if any, deferential weight.

14. The evidence of record establishes that the plaintiff is incapable of performing his job as a process associate with the defendant, Honda, and that neither defendant offered or otherwise provided to the plaintiff an accommodation.

15. The evidence further establishes that plaintiff continues to be under the regular care of his physician, Dr. Jason Ayers, Southside, Alabama.

16. Plaintiff continues to be profoundly impaired as a result of his medical condition that, according to the evidence of record, severs to limit his ability to lift in excess of five pounds.

17. Prior to the filing of this litigation, plaintiff Brandon Dempsey notified the defendant that Donald R. Rhea and the Law Firm of Rhea, Boyd & Rhea, 930 Forrest Avenue, Gadsden, Alabama 35901, is or would be authorized to prosecute this claim on his behalf.

Plaintiff further adds the following by way of this Amendment:

19. By correspondence, dated June 25, 2015, from Sedgwick to plaintiff, Sedgwick advised plaintiff that was the administrator of the Honda Leave and Disability Group. Sedgwick provided plaintiff a medical authorization release for information, those forms to be provided to plaintiff's treatment providers. This was in connection with plaintiff's application for short-term disability (hereinafter referred to as STD benefits).

20. By letter, dated July 1, 2015, Sedgwick advised plaintiff that it, Sedgwick, would be reviewing plaintiff's absence from work for STD benefit under the Honda Manufacturing of Alabama, LLC., Short-Term Disability Plan

21. On July 3, 2015, both the plaintiff and plaintiff's treating provider, Dr. Jason Ayers, completed the form provided and returned the same to Sedgwick.

22. By letter, dated July 16, 2015, Sedgwick advised plaintiff that after reviewing the disability claim and the medical information submitted, the plaintiff's application for STD benefits was being denied per medical information provided by plaintiff's treating source, Dr. Ayers, on July 8, 2015. Plaintiff was advised that he had the right to appeal the determination within 180 days of the receipt of letter, dated July 16, 2015.

23. Plaintiff did timely appeal the denial of benefits to the "second level" review pursuant to the STD plan in place and as prompted by Sedgwick in its July 16, 2015, letter.

24. Plaintiff received a letter from Sedgwick, dated September 25, 2015, indicating that the claim for STD benefits had been reviewed by the Honda Leave Disability Group Appeals Unit and on the basis of its review, the unit had concluded that there was insufficient evidence to support the application for STD benefits and said application remained denied beginning June 23, 2015. The letter of September 25, 2015, did offer to the plaintiff an opportunity to file a second appeal within 180 days of plaintiff's receipt of the September 15, 2015, letter.

25. On October 8, 2015, through counsel, plaintiff notified the defendant Sedgwick that plaintiff would likely take advantage of the second appeal review process but only after having had an opportunity to review the claims file already developed in support of plaintiff's application for benefits.

26. On March 3, 2016, plaintiff did timely submit a second appeal from the denial of STD benefits of September 25, 2015. Said appeal was done within the 180 day time frame referenced in the September 25, 2015, denial letter. Plaintiff submitted evidence in support of his appeal, including medical records from treating sources.

27. On March 10, 2016, counsel for plaintiff (the undersigned herein) received acknowledgment from Sedgwick that the request for review of the denied claim had been

received and the same would be reviewed by the Honda Leave and Disability Group Appeals Unit.

28.     On March 29, 2016, the defendant Sedgwick acknowledged receipt of a request from the undersigned on behalf of plaintiff that he would be provided additional time to submit medical records significant to plaintiff's appeal of the denial of STD benefits. The letter of March 29, 2016, extended the time for plaintiff to submit additional documentation.

29.     On March 31, 2016, plaintiff, through the undersigned, acknowledged the approval of the extension of time and on that date submitted additional evidence in support of plaintiff's claim for STD benefits, including a vocational evaluation from John Long, Jr.; medical records from plaintiff's regular treating physician, Dr. Jason Ayers; medical records from Dr. Thomas Wilson, Birmingham neurosurgical specialist. Plaintiff also submitted a copy of plaintiff's job description and physical demand requirements.

30.     By correspondence, dated May 11, 2016, the defendant, Sedgwick Claims Management Services, Inc., notified counsel for plaintiff that plaintiff's second request to appeal the denial of STD benefits had been reviewed and the termination to uphold the denial of benefits had been reconfirmed and advised the following:

> Your client has a right to bring civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended, if your claim for benefits is denied after there has been full exhaustion of his appeal rights under the Plan which included both a first level and second level appeal.

31.     Plaintiff, having exhausted the first and second level appeals, and in light of the continued denial of his application for STD benefits (by letter, dated May 11, 2016), initiated litigation pursuant to provisions of the Employee Retirement Income Security Act (29 USC

§1001, et seq. (hereinafter referred to as ERISA), on the 20th day of June, 2016.

32. Plaintiff asserts that throughout the time frame of his application for STD benefits and throughout the review process, plaintiff satisfied the definition of disability as embraced by that Plan.

33. Plaintiff alleges that the denial of benefits is arbitrary and capricious, not supported by the substantial evidence in the record, is contrary to the plain meaning of the Plan document and/or otherwise is a violation of ERISA.

34. Plaintiff reiterates his prayer for relief that he would be entitled to all benefits available to him under the STD Plan and pre- and post-judgment interest, where appropriate, attorney's fees and cost of action.

Plaintiff prays for such other, further, different and equitable relief he would be entitled to receive in the premises.

                                   /s/ Donald R. Rhea  
                                   DONALD R. RHEA (#2202-H43D)  
                                   Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2016, I electronically filed the foregoing with the Clerk of the Court which will send notification of such filing to the following: Stephen J. Bumgarner, Esq., Burr & Forman, LLP., 420 North 20th Street, Suite 3400, Birmingham, AL 35203 and Julie McLaughlin, VP Corporate Counsel, Sedgwick Claims Management Services, Inc., by way of email: julie.mclaughlin@sedgwick.com.

                                   /s/ Donald R. Rhea  
                                   Donald R. Rhea  
                                   Bar No: #2202-H43D  
                                   Attorney for Plaintiff  
                                   Rhea, Boyd & Rhea  
                                   930 Forrest Avenue  
                                   Gadsden, AL 35901  
                                   Tel: 256/547-6801

Gadsden, AL 35901
Tel: 256/547-6801
Fax: 256/549-0271
E-Mail: dbc@rhealaw.com