IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BRANDON DEMPSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., HONDA LEAVE AND DISABILITY GROUP; and HONDA MANUFACTURING OF ALABAMA, LLC, | ) ) ) ) ) ) ) CASE NO. 4:16-CV-01003-SGC |
| Defendants. | ) ) ) |

### SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW** Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") and, pursuant to the provisions of Fed. R. Civ. P. 12(b)(6), hereby files this Motion to Dismiss and Memorandum of Law in Support Thereof,[1] respectfully requesting that the Court dismiss, with prejudice, all claims asserted against Sedgwick in the Complaint of Brandon Dempsey ("Plaintiff").

---

[1] By way of email communication with in-house counsel for Sedgwick, Plaintiff's counsel agreed to provide Sedgwick with an additional ten (10) days to respond to the Complaint. In filing this Motion, Sedgwick does not waive, but rather expressly asserts, any and all defenses available to it under Rule 12 of the Federal Rules of Civil Procedure and other applicable law.

## I. INTRODUCTION

Before detailing the allegations of the Complaint, Sedgwick notes that the Plaintiff filed an Amended Complaint (Doc. 10) in this matter on August 4, 2016, the day before submitting his Response in Opposition to Honda Manufacturing of Alabama, LLC's Rule 12(b) Motion to Dismiss. In connection with the filing of the Amended Complaint, the Plaintiff did not seek leave of Court. Because it is unclear to the undersigned counsel whether the Plaintiff was authorized under Rule 15(a)(1), Fed. R. Civ. P., to amend his Complaint as a matter of course, Sedgwick, out of an abundance of caution, respectfully submits this Rule 12(b) Motion to Dismiss. However, in order to avoid wasting this Honorable Court's time and resources, if the Court determines that the Amended Complaint (Doc. 10) is now the operative Complaint in this matter, Sedgwick requests that this Honorable Court consider this Motion as MOOT and Sedgwick shall respond to the Amended Complaint within the time provided by Rule 15(a)(3), Fed. R. Civ. P.

Plaintiff commenced this action against Sedgwick, "Honda Leave and Disability Group," and Honda Manufacturing of Alabama, LLC under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* By way of the Complaint, Plaintiff seeks to recover short-term disability ("STD") benefits, damages and attorney's fees under 29 U.S.C. § 1132(a)(1)(B). (Compl. ¶¶ 3, 8 and 12.) Plaintiff specifically asserts that he was eligible "to

receive short-term disability benefits...through a group policy insured by Sedgwick Claims Management Services, Inc." (Compl. ¶ 1) and that "he is asserting a claim for benefits pursuant to the provisions of ERISA." (Compl. ¶ 3.) Moreover, the Complaint states that Sedgwick serves as the administrator of the short-term welfare benefit plan. (Compl. ¶ 6.)

While the Complaint seeks an award of STD benefits, it fails to allege the date of the claim denial. That date is significant in light of the one-year contractual limitations provision contained in the welfare benefit plan. (*See* Ex. "A" - Excerpt of pertinent language from plan regarding contractual statute of limitations provision.) *See Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir.2006) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiffs claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal") (quoting *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997)).

The factual allegations, accepted as true, fail to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As a threshold matter, the Plaintiff's Complaint fails to allege essential facts showing that his action for benefits is timely and, as a result, the Complaint cannot survive a Rule 12(b)(6) motion.

# I. ARGUMENT

### A. The Complaint Fails to Establish that The Plaintiff is Entitled to An Award of Benefits under ERISA.

While a complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must plead "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

In deciding a motion to dismiss, this Court is not required to accept the labels and legal conclusions in the complaint as true. *Sinaltrainsal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all the allegations in a complaint is inapplicable to legal conclusions.") *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")...."A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260 (citing *Iqbal*, 129 S.Ct. at 1950; Twombly, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v.*

*Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966-67).

A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief

above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted).

The Eleventh Circuit has recognized that ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits. *Wilson v. Standard Ins. Co.,* 613 Fed. Appx. 841, 842 (11th Cir. 2015). Thus, courts borrow the most closely analogous state limitations period, unless the parties have contractually agreed to a different one in the ERISA plan. *Id. (citing Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan,* 160 F.3d 1301, 1303 (11th Cir.1998). If they have, "[w]e must give effect to [an ERISA] Plan's limitations provision unless we determine either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff v. Hartford Life & Accident Ins. Co.,* — U.S. —, 134 S.Ct. 604, 612, 187 L.Ed.2d 529 (2013).

Simply stated, the Plaintiff's Complaint contains no allegations establishing that he filed this action seeking an award of benefits within the one-year contractual statute of limitations. Applying the principles above, the Plaintiff's Complaint fails to state an actionable claim against Sedgwick.

## II. CONCLUSION

For the foregoing reasons, Sedgwick Claims Management Services, Inc. respectfully requests that this Honorable Court issue an Order dismissing, with prejudice, the claim asserted against it and grant it such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

*s/ Stephen J. Bumgarner*
Stephen J. Bumgarner
sbumgarn@burr.com

Attorney for Defendant
Sedgwick Claims Management Services, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald R. Rhea, Esq.
Rhea, Boyd & Rhea
930 Forrest Avenue
Gadsden, AL 35901

*s/ Stephen J. Bumgarner*
OF COUNSEL

8