# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BRANDON DEMPSEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:16-CV-1003-VEH** |
| | ) |
| **SEDGEWICK CLAIMS** | ) |
| **MANAGEMENT SERVICES, INC.,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiff Brandon Dempsey ("Mr. Dempsey") initiated this Employee Retirement Income Security Act ("ERISA") case on June 20, 2016. The lawsuit was reassigned to the undersigned on August 25, 2016. (Doc. 16). Pending before the court Honda Manufacturing of Alabama, LLC's ("Honda") Motion To Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law in Support Thereof (Doc. 15) (the "Motion"). As analyzed below, the Motion is due to be granted.[1]

---

[1] Given the straightforward merits of the Motion, the court sees no reason to wait for a response from Mr. Dempsey.

**II.     Standard**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* FED. R. CIV. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* FED. R. CIV. P. 8(a)(2) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

### III. Analysis

Honda's Motion seeks to dismiss Mr. Dempsey's amended complaint on the basis that it is an improper party to the action. (Doc. 15 at 2-3). After studying Mr.

Dempsey's amended complaint and the numerous supportive authorities cited by Honda (*id.* at 5-8), the court agrees.

Mr. Dempsey's amended complaint contains no separate counts and asserts only one claim brought pursuant to 29 U.S.C. § 1132(a)(1)(B)[2]–"that the denial of [STD] benefits is arbitrary and capricious, not supported by substantial evidence in the record, is contrary to the plain meaning of the Plan document and/or otherwise is a violation of ERISA." (Doc. 10 at 6 ¶ 33). In terms of relief, Mr. Dempsey seeks "all benefits available to him under the STD Plan and pre-and post-judgment interest, where appropriate, attorney's fees and costs of action." (*Id.* ¶ 34). Mr. Dempsey plainly identifies Co-Defendant Sedgewick Claims Management Services, Inc. ("Sedgewick")[3] as "the administrator of the Honda Leave and Disability Group short-term disability policy and plan." (*Id.* at 2 ¶ 6). Further, Mr. Dempsey's factual assertions about the processing and multiple decisions denying his disability claim exclusively refer to Sedgewick and not Honda. (Doc. 1 at 3-5 ¶¶ 20, 22-25, 27-28,

---

[2] Under ERISA's civil enforcement scheme, a participant or beneficiary may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

[3] Mr. Dempsey has sued "Sedgewick Claims Management Services, Inc." (Doc. 1 at 2 ¶ 6). In contrast, this Defendant has identified itself as "Sedgwick Claims Management Services, Inc." on the record. (Doc. 12 at 1). The court will enter a separate show cause order to clarify the correct spelling of this Defendant's name.

30).

The Eleventh Circuit has made it clear that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *cf. also Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir.1992) ("We agree with the reasoning of the First Circuit and we hold that if a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document."); *Caudle v. Life Ins. Co. of N. Am.*, 33 F. Supp. 3d 1288, 1297 (N.D. Ala. 2014) (dismissing Honda Health Plan from ERISA benefits count on additional ground that it was "not a plan administrator" and, therefore, was an improper party concerning that claim in light of Eleventh Circuit's holding *Garren*).[4]

Here, there is no allegation that Honda played any role in administrating Mr. Dempsey's claim or otherwise controlling the short-term disability group plan. Consequently, Mr. Dempsey has not stated a plausible ERISA benefits claim against Honda, and a Rule 12(b)(6) dismissal of it is appropriate.

## IV.   Conclusion

Honda's Motion is **GRANTED** and Honda is **HEREBY DISMISSED WITH PREJUDICE** from this lawsuit.

---

[4] *Caudle* was decided by the undersigned.

Case 4:16-cv-01003-VEH   Document 21   Filed 08/30/16   Page 6 of 6

**DONE** and **ORDERED** this 30th day of August, 2016.

                                                                                                                */s/ Virginia Emerson Hopkins*

                                                                                                                **VIRGINIA EMERSON HOPKINS**
                                                                                                                United States District Judge